Matter of Tilschner (2025 NY Slip Op 04185)

Matter of Tilschner

2025 NY Slip Op 04185

Decided on July 16, 2025

Appellate Division, Second Department

Per Curiam.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on July 16, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

HECTOR D. LASALLE, P.J.
MARK C. DILLON
COLLEEN D. DUFFY
BETSY BARROS
PHILLIP HOM, JJ.

2025-01634

[*1]In the Matter of George Richard Tilschner, an attorney and counselor-at-law. Grievance Committee for the Tenth Judicial District, petitioner; George Richard Tilschner, respondent. (Attorney Registration No. 2798445.)

DISCIPLINARY PROCEEDING instituted by the Grievance Committee for the Tenth Judicial District. The respondent was admitted to the Bar at a term of the Appellate Division of the Supreme Court in the Second Judicial Department on January 8, 1997.

Catherine A. Sheridan, Hauppauge, NY (Michele Filosa of counsel), for petitioner.

PER CURIAM.

OPINION & ORDER
On February 11, 2025, the Grievance Committee for the
Tenth Judicial District served the respondent with a notice of petition and a verified petition, both dated February 11, 2025. By email dated February 11, 2025, the respondent consented to accept service of the notice of petition and petition via email. Proof of service was duly filed with this Court.
The petition contains four charges, alleging that the respondent violated the Rules of Professional Conduct by neglecting a legal matter entrusted to him, by failing to re-register as an attorney with the Office of Court Administration for registration period 2023-2024, by failing to cooperate with two Grievance Committee investigations, and by engaging in conduct that adversely reflects on his fitness as a lawyer, in violation of rules 1.3(b) and 8.4(d) and (h) of the Rules of Professional Conduct (22 NYCRR 1200.0).
The notice of petition directed the respondent to file his answer to the petition, together with proof of service of the answer upon the Grievance Committee, within 20 days after service upon him of the petition. To date, the respondent has neither served nor filed an answer to the petition, as directed.
The Grievance Committee now moves to deem the charges against the respondent established based upon his default and to impose such discipline upon him as this Court deems appropriate. Although the motion papers were duly served upon the respondent on March 7, 2025, he has neither opposed the motion nor interposed any response thereto.
Accordingly, the Grievance Committee's motion to deem the charges against the respondent established based upon his default is granted, the charges in the petition dated February 11, 2025, are deemed established, and, effective immediately, the respondent is disbarred and his name is stricken from the roll of attorneys and counselors-at-law.
LASALLE, P.J., DILLON, DUFFY, BARROS and HOM, JJ., concur.
ORDERED that the motion of the Grievance Committee for the Tenth Judicial District to deem the charges in the petition dated February 11, 2025, established is granted; and it is further,
ORDERED that, pursuant to Judiciary Law § 90, effective immediately, the respondent, George Richard Tilschner, is disbarred, and his name is stricken from the roll of attorneys and counselors-at-law; and it is further,
ORDERED that the respondent, George Richard Tilschner, shall comply with the rules governing the conduct of disbarred or suspended attorneys (see 22 NYCRR 1240.15); and it is further,
ORDERED that pursuant to Judiciary Law § 90, the respondent, George Richard Tilschner, is commanded to desist and refrain from (1) practicing law in any form, either as principal or as agent, clerk, or employee of another, (2) appearing as an attorney or counselor-at-law before any court, Judge, Justice, board, commission, or other public authority, (3) giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) holding himself out in any way as an attorney and counselor-at-law; and it is further,
ORDERED that if the respondent, George Richard Tilschner, has been issued a secure pass by the Office of Court Administration, it shall be returned forthwith to the issuing agency, and the respondent shall certify to the same in his affidavit of compliance pursuant to 22 NYCRR 1240.15(f).
ENTER:
Darrell M. Joseph
Clerk of the Court